**Debra S. LYNCH, Plaintiff,**

v.

**Charles L. McFARLAND and Betty J. McFarland, Defendants.**

**Civ. A. No. C90–20–BG(H).**

United States District Court, W.D. Kentucky, Bowling Green Division.

Aug. 4, 1995.

Douglas C. Brandon, Austin & Ward, Lexington, KY, Michael J. Fusco, Fusco & Ison, Westerville, OH, for plaintiff.

Reginald Lee Ayers, Bowling Green, KY, Robert L. Bertram, Bertram & Wilson, Jamestown, KY, for defendants.

**MEMORANDUM OPINION**

HEYBURN, District Judge.

The Court must now determine whether Plaintiff properly asserted a cause of action for recovery in tort based on Defendants' alleged outrageous conduct. For the following reasons, the Court concludes that she has not.

This case concerns a boating accident. Plaintiff alleges that Betty McFarland im-

properly operated the boat in which Plaintiff was a passenger by driving intoxicated, driving at an excessive speed, and failing to pay adequate attention to her driving when the boat was in a narrow and poorly lit channel. Plaintiff further alleges that Betty McFarland's negligent and careless behavior caused the boat to run aground and thereby caused Plaintiff to suffer serious physical and emotional harm.

Plaintiff's allegations clearly establish a basis for a personal injury claim. Unfortunately for her, she filed her Complaint more than one year after the boating accident occurred, and in Kentucky personal injury actions are governed by a one-year statute of limitations. K.R.S. 413.140(1)(a).

In an attempt to maintain her lawsuit's viability, Plaintiff next asserted that Betty McFarland's actions constituted the tort of outrageous conduct, which she alleges is a valid cause of action in Kentucky and is governed by a five-year statute of limitations pursuant K.R.S. 413.120(7). Plaintiff's argument is only partially correct.

Plaintiff rightly asserts that the tort of outrageous conduct is a viable claim in the Commonwealth of Kentucky. In *Craft v. Rice,* the Kentucky Supreme Court adopted the *Restatement (Second) of Torts* § 46 definition of Outrageous Conduct Causing Severe Emotional Distress [1] and held a cause of action for this tort is governed by the "catch-all" statute of limitation, K.R.S. 413.120(7), which mandates that an action for injury "not arising on contract and not otherwise enumerated" must be filed within five years. 671 S.W.2d 247, 249–250 (Ky.1984).

Plaintiff argues that because Defendant's allegedly reckless operation of the boat caused personal and emotional injury, she may recover damages based on the tort of outrageous conduct. The *Craft* court clearly pinpointed the central error of Plaintiff's argument, however, when it noted that "[t]he basis of the cause of action [for outrageous conduct] is intentional interference with the plaintiffs' rights causing emotional distress

... [i]f there has been physical injury with pain to the body or mind, it is incidental to the emotional distress rather than essential to the cause of action as is the case in an action for personal injury." *Id.* at 249. Plaintiff's personal injuries are not incidental to her emotional distress; the opposite is true. The essence of Plaintiff's claim is that Defendants injured her person, not that they shocked her sensibilities.

Moreover, even if the degree of the injury to Plaintiff's psyche far outweighed the injury to her person, the *Craft* court unequivocally stated that to sustain a claim for outrageous conduct, the behavior alleged must be "a deviation from all reasonable bounds of decency and [must be] utterly intolerable in a civilized community." *Id.* at 260 (noting that the nearest applicable cases in Kentucky appear to be grave desecration cases, e.g., *Resthaven Memorial Cemetery v. Volk,* 286 Ky. 291, 150 S.W.2d 908 (1941) and *Fergerson v. Utilities Elkhorn Coal Co.,* 313 S.W.2d 395 (Ky.1958)). Although Betty McFarland's conduct may have been unfortunate, irresponsible, reckless, or even obscenely stupid, it was not the kind of indecent and immoral behavior that would engender the ire, rather than the mere disapproval, of a civilized community or justify recovery based on the *Restatement (Second) of Torts* § 46.

The essence of the tort of outrageous conduct is the right of a person to be free from emotional harassment; not the right to be free of direct physical harm. If the Court were to accept Plaintiff's argument, then virtually every case in which gross negligence is alleged could be converted into a claim for recovery for outrageous conduct and would be governed by the five-year statute of limitations. To do so would completely distort the limited scope and application of the tort. The Court cannot justify extending the tort of outrageous conduct causing severe emotional distress to the facts of this case and, therefore, Plaintiff's cause of action is dismissed.

---

1. § 46. Outrageous Conduct Causing Severe Emotional Distress

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

### ORDER

The Court, having considered whether Plaintiff may maintain a cause of action for the tort of outrage and being sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's cause of action for the tort of outrage is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that no later than August 20, 1995, the parties shall advise the Court whether any further issues need be adjudicated by this Court.

IT IS FURTHER ORDERED that Plaintiff's motion to pay over monies deposited in the Court's registry is DENIED.